FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 11, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PARKER MASON BACHTOLD,<br><br>    Petitioner,<br><br>v.<br><br>JERI BOE,<br><br>    Respondent. | No. 2:19-CV-00222-SAB<br><br>**ORDER DENYING HABEAS RELIEF** |

    Before the Court is Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, ECF No. 1.

    Petitioner challenges his 2016 Okanogan County guilty plea to first degree murder, first degree robbery, theft of a motor vehicle, two counts of theft of a firearm and juvenile in possession of a firearm. He plead guilty and was sentenced on August 16, 2016, to 360 months' incarceration and 36 months community custody. He is serving his sentence at Clallam Bay Corrections Center in Clallam Bay, Washington.

    Petitioner did not file a direct appeal of his conviction or sentence. On August 7, 2017, he filed a timely Personal Restraint Petition (PRP), asserting judicial misconduct and ineffective assistance of counsel as grounds for relief. The PRP was dismissed on October 1, 2018. He filed a subsequent PRP. It was dismissed on May 7, 2019. On June 27, 2019, Petitioner filed his § 2254 Petition in

**ORDER DENYING HABEAS RELIEF ~ 1**

the Eastern District of Washington.

As grounds for federal habeas relief, Petitioner asserts the ineffective assistance of counsel and the failure of the trial court to consider the mitigating factors (*i.e.*, his youth).

The State argues that Petitioner's petition is untimely because he filed it after more than one year of untolled time elapsed since his judgment became final and he has failed to show any basis to excuse his untimely filing on the basis of equitable tolling and failed to present a claim of actual innocence. The State also argues that Petitioner failed to properly exhaust his state remedies because he did not present his claims to the Washington Supreme Court and is now procedurally barred from doing so.

In his reply, Petitioner argues the untimeliness of the petition should be excused procedurally because of actual innocence as well as a showing of cause and prejudice.

**Standard of Review**

Under AEDPA, relief may only be granted if the state court decision in question was either "contrary to, or involved an unreasonable application of, clearly established Federal law" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

**Tolling**

AEDPA sets a one-year statute of limitations for filing a federal habeas petition seeking relief from a state court judgment. 28 U.S.C. § 2244(d)(1). This limitations period is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). To receive equitable tolling, "the petitioner must establish two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (quotations omitted). "The petitioner must additionally show

that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances made it impossible to file a petition on time" *Id.* (quotation omitted).

The United States Supreme Court has recognized that an "actual innocence" showing provides a gateway past the AEDPA statute of limitations. *McQuiggin v Perkins*, 569 U.S. 383, 397 (2013). A claim of innocence does not by itself provide a basis of relief. *Schlup v. Delo*, 513 U.S. 298, 315 (1995). Rather, such claims for relief depend on the validity of the constitutional claims. *Id.* Thus, a claim of innocence is considered "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Id.* "If a petitioner presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Id.*

AEDPA also provides for statutory tolling during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

## Washington Court of Appeals Opinion

Petitioner filed a timely PRP. In it, he presented two grounds for relief: (1) his guilty plea should be vacated because the state court judge lacked authority to accept the plea and pronounce sentence after Petitioner filed an affidavit of prejudice against him; and (2) his counsel gave him ineffective assistance. ECF No. 15, Ex. 6.

The Washington Court of Appeals noted that there is no constitutional right to the removal of a judge; rather the right is created by statute, relying on *In re the Marriage of Lemon* 59 Wash. App. 568, 572 (1990). ECF No. 15, Ex. 4. It noted that the mere existence of an affidavit of prejudice in the court file is not enough to divest a judge of authority. *Id.* Since there was nothing in the record that showed

**ORDER DENYING HABEAS RELIEF ~ 3**

the affidavit was brought to the judge's attention, the affidavit in the court file did not divest the judge of authority to proceed. *Id.*

The Washington Court of Appeals found the judge did not err in proceeding to sentencing without a presentence report, given that Petitioner was not convicted of a crime where Wash. Rev. Code § 9.94A.500 requires the ordering of a presentence report, and there was not chemical dependency finding. *Id.* It found that Petitioner's claim that his counsel was ineffective for not requesting a presentence report was without merit. *Id.* It also concluded that all his claims of ineffective assistance of counsel were unsupported by any facts or legal argument and amounted to conclusory allegations of deficient performance. *Id.*

Petitioner filed a second PRP with the Washington Court of Appeals. In his PRP, he asserted a variety of claims: (1) he was denied a presentence hearing; (2) ineffective assistance of counsel; (3) the court failed to consider his youth as a mitigating factor; (4) the prosecutor improperly overcharged Petitioner in order to obtain a guilty plea; (5) he is entitled to a new sentencing hearing under *State v. Mulholland* and *State v. McFarland*, and (6) the State deliberately excluded evidence from his discovery due to its prejudicial nature with respect to the victim. ECF No. 15, Ex. 10.

In its Order, the Washington Court of Appeals held that since Petitioner filed his second petition more than one year after the judgment and sentence became final, all his claims were time-barred pursuant to Wash. Rev. Code § 10.73.090(1). ECF No. 15, Ex. 11.

**Analysis**

Here, Petitioner does not challenge the State's assertions that his § 2254 petition is untimely. Nor has he presented any evidence or argument establishing that the time limitations set forth in § 2244 should be equitably tolled. There is nothing in the record establishing that he had been pursuing his rights diligently and that some extraordinary circumstances stood in his way. Although Petitioner

**ORDER DENYING HABEAS RELIEF ~ 4**

relies on "actual innocence" to argue this Court should hear his untimely petition, Petitioner has not met the high bar necessary for his Petition to proceed. As such, Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, ECF No. 1, is untimely.

Accordingly, **IT IS HEREBY ORDERED**:

1. Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, ECF No. 1, is **DISMISSED**.

2. The District Court Executive is directed to enter judgment in favor of Respondent.

**IT IS SO ORDERED.** The Clerk of Court is directed to enter this Order, forward copies to Petitioner and counsel, and **close** the file.

**DATED** this 11th day of March 2020.



Stanley A. Bastian
United States District Judge

**ORDER DENYING HABEAS RELIEF ~ 5**